# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| LINE CONSTRUCTION BENEFIT FUND, A HEALTH AND WELFARE FUND, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| LEWIS EQUIPMENT SERVICES, LLC, | ) ) |
| Defendant. | ) |

Case No. 4:19-09011-MC-RK

## ORDER

Before the Court is Plaintiff Line Construction Benefit Fund's Motion for Order for Garnishee Platte Valley Bank of Missouri ("Platte Valley Bank") to Pay Garnished Funds into the Court Registry. (Doc. 12.) For the reasons below, the motion is **GRANTED in part** and **DENIED in part**. Specifically, the Court **ORDERS** Platte Valley Bank to deliver $8462.02 from Defendant's business checking account to the registry of this Court by March 4, 2020, but **DENIES** as unripe Plaintiff's request for the Court Clerk to immediately remit payment to Plaintiff's counsel.

## Background

Plaintiff has registered in this Court a judgment in the amount of $8462.02, which was entered against Defendant Lewis Equipment Services, LLC on July 29, 2019, by the United States District Court for the Northern District of Illinois. (Doc. 1.) Upon Plaintiff's request, the Clerk of this Court issued a writ of garnishment to Platte Valley Bank of Missouri ("Platte Valley Bank"). Plaintiff has filed returns of service in this Court stating that on November 27, 2019, it served the writ and certain interrogatories on Platte Valley Bank by special process server (Doc. 6) and that on the same day, it served the writ on Defendant by mail (Doc. 7). Plaintiff has also filed in this Court Platte Valley Bank's answers to its interrogatories. (Doc. 12 at 4-8.) The interrogatory responses are somewhat vague but clear enough to determine that Platte Valley Bank has acknowledged that it is holding $8462.02 in a business checking account in Defendant's name.[1]

---

[1] Specifically, in response to Interrogatory #1, Platte Valley Bank acknowledged holding property of Defendant. In response to Interrogatory #1(A), it specified the account as a "business checking" account but failed to state the value in response to the interrogatory. In response to Interrogatory #2, Platte Valley

Plaintiff's motion requests an order (1) requiring Platte Valley Bank to pay $8462.02 into the Court's registry within 20 days, and (2) directing the Court Clerk to then remit payment of these funds to Plaintiff's counsel. The certificate of service attached to the motion states that Plaintiff served the motion on Defendant and Platte Valley Bank. No response was filed within the time to do so, and the motion is ready for decision.

## Discussion

A properly registered foreign judgment may be enforced as if it were entered by this Court. 28 U.S.C. § 1963. Generally, the Court applies state procedural rules regarding execution of a money judgment. Fed. R. Civ. P. 69(a)(1). Substantial compliance with the procedural provisions of the state statutes is sufficient. 12 Fed. Prac. & Proc. Civ. § 2012 (3d ed.).

Plaintiff has substantially complied with the Missouri rules' notice requirements. Under Missouri Rule 90.03, a judgment debtor may be served with a writ of garnishment by mail within five days of the issuance of the writ, but "[t]he garnishee shall be served with summons and the writ of garnishment by the sheriff." Mo. Rule 90.03(a), (c). "If the sheriff fails to obtain service upon a request to do so, the garnishor may request the court to appoint a special process server. . . ." Mo. Rule 90.03(a). Here, Plaintiff correctly served Defendant by mail but failed to obtain the Court's permission to serve Platte Valley Bank by special process server instead of through the sheriff. Nonetheless, it is apparent Platte Valley Bank received actual notice because it answered Plaintiff's interrogatories. *See City Sav. By & Through Resolution Tr. Corp. v. Welsh*, 793 F. Supp. 1046, 1048 (W.D. Okla. 1992) (plaintiff substantially complied with state notice provisions, which required personal service, by sending a copy of a motion to the defendant's counsel). Accordingly, Missouri's notice requirements have been substantially complied with.

Under Missouri Rule 90.10(a), Plaintiff is entitled to an order requiring the bank to pay the judgment amount into this Court's registry. The rule states that "[i]f the garnishee admits in its answers to interrogatories that any property subject to garnishment is in the garnishee's possession, the garnishee, without further order of the court, shall pay or deliver such property into court or to the attorney for the party on whose behalf the order of garnishment was issued not later than ten

---

Bank denied owing any debt to Defendant. However, in response to Interrogatory #2(A), the bank stated a value of "8,462.02," even though the interrogatory asked only as follows: "If not yet due, when will it become due and, if so, how much?" Based on these admissions, the Court finds that Platte Valley Bank was attempting to communicate that Defendant has a business checking account at Platte Valley Bank containing at least $8462.02.

days after the return date of the writ of garnishment or levy . . . ." Mo. Rule 90.10(a). Because Platte Valley Bank admitted in its interrogatory responses that it is holding $8462.02 in a business checking account in Defendant's name, it must pay that amount into the Court registry.

However, Plaintiff's request for payment from the Court registry is not ripe. A garnishee is entitled to file a motion for costs in addition to the rule's standard fee, and the motion is not due until "the date the garnishee makes payment or delivers the property subject to garnishment into court." Mo. Rule 90.12(a). If such a motion is filed, the Court must disburse the funds within ten days after the Court has determined the amount of additional costs, if any. Mo. Rule. 90.11. Here, the bank has not yet paid any funds into the registry for this case, so a motion for additional costs could still be filed by the bank. As a result, Plaintiff's request for payment from the Court registry is not yet ripe.

Accordingly, Plaintiff's motion is **GRANTED in part** and **DENIED in part**. Specifically, Garnishee Platte Valley Bank shall deliver $8462.02 from Defendant's business checking account to the registry of this Court by March 4, 2020, but Plaintiff's request for immediate payment from the Court registry is **DENIED** as unripe.

The Court directs the Clerk's office to mail a copy of this Order to Defendant and Platte Valley Bank of Missouri at their last known addresses:

Lewis Equipment Services, LLC
1909 Moberly St.
Trenton, MO 64683

Platte Valley Bank of Missouri
2400 NW Prairie View Rd.
Platte City, MO 64079

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: February 13, 2020